IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ISABEL LONGORIA and CATHY MORGAN,<br><br>**Plaintiffs,**<br><br>v.<br><br>WARREN K. PAXTON, in his official capacity as Attorney General of Texas,<br><br>**Defendant.** | Case No. 5:21-cv-1223 |

# COMPLAINT

Texas's recently enacted Senate Bill 1 ("SB1") added a new provision to the Texas Election Code, § 276.016(a)(1), which makes it a crime for election officials and public officials to exercise their First Amendment right to encourage voters to lawfully vote by mail and imposes severe penalties and harsh fines as punishment for that speech. Remarkably, that new law makes it illegal to *encourage* an eligible voter to request a mail-in ballot, but it remains perfectly lawful to *discourage* an eligible voter from requesting a mail-in ballot. That one-sided restriction on speech is manifestly unconstitutional. Plaintiffs are the Harris County Elections Administrator, Isabel Longoria, and a volunteer deputy registrar, Cathy Morgan, who would engage in such speech but are currently chilled from doing so because of the risk of criminal liability. They together bring this action to vindicate their First Amendment rights violated by SB1 and seek to have Section 276.016(a)(1) declared invalid and its enforcement enjoined.

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because the claims in this action arise under federal law and seek to redress the deprivation of federal civil rights, including the right of freedom of speech.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendant resides in Texas and performs his official duties in this district.

## II.  PARTIES

3. Plaintiff ISABEL LONGORIA is the Harris County Elections Administrator, an election official serving in Harris County, Texas.

4. The Harris County Elections Administrator is appointed by the Harris County Elections Commission and is an election official under the Election Code.[1] As the Elections Administrator, Ms. Longoria is responsible for carrying out the statutory electoral functions outlined by state and federal law, including overseeing the conduct of elections, providing information concerning early voting to individual voters, and distributing official applications to vote by mail to eligible voters.[2]

5. Plaintiff CATHY MORGAN is a Texas voter residing in Austin, Texas. Ms. Morgan has served as a volunteer deputy registrar ("VDR") in Texas since 2014 and currently serves as a VDR in both Williamson and Travis counties. Ms. Morgan decided to serve as a VDR to ensure that all eligible voters are provided correct information and guidance so that they are easily able to register to vote and therefore participate in our democracy.

---

[1] Tex. Elec. Code § 1.005(4-a)(C).

[2] Tex. Elec. Code § 31.043 (assigning the duties and functions of the county clerk under the Election Code to the county elections administrator); *id.* § 83.002 (naming the county clerk as the early voting clerk in many elections).

6.	VDRs are appointed by the county registrar to encourage voter registration. As a VDR, Ms. Morgan is responsible for carrying out the statutory registration functions outlined by state law, including distributing voter registration application forms and receiving registration applications.[3]

7.	Defendant WARREN K. ("Ken") PAXTON is the Attorney General of Texas, the state's chief law enforcement officer. He is sued in his official capacity.

8.	Defendant Paxton is charged with enforcing the Texas Election Code, including the new Section 276.016(a)(1).

9.	As Texas's chief law enforcement officer, Defendant Paxton has a "freestanding sovereign interest" in enforcing Texas law.[4] Defendant Paxton also has statewide investigative authority and concurrent prosecutorial authority with local prosecutors related to the state's election laws and has stated that prosecution of election-related offenses is one of his top priorities. The Attorney General's website specifically notes that "Chapter 273, Texas Election Code, gives the OAG authority to investigate and prosecute election code violations anywhere in Texas."[5]

10.	Defendant Paxton has also recently filed suit on behalf of the State of Texas to enforce provisions of the Texas Election Code and to restrict the actions of a local election official, including by preventing him from mailing out mail ballot applications to many eligible voters unless those voters first submitted a request.[6]

---

[3] TEX. ELEC. CODE § 13.038.

[4] *City of Austin v. Abbott*, 385 F. Supp. 3d 537, 545 (W.D. Tex. 2019).

[5] *Election Integrity*, ATTORNEY GENERAL OF TEXAS, https://www.texasattorneygeneral.gov/initiatives/election-integrity (last visited Dec. 10, 2021).

[6] *Texas v. Hollins*, 620 S.W.3d 400, 405 (Tex. 2020).

### III. FACTS

11. Elections in Texas's 254 counties and more than 1,200 cities are conducted pursuant to the Texas Election Code.

12. The default rule in the Election Code splits voter registration duties and election administration duties between two officials elected at the county level: voter registration is handled by each county's tax assessor-collector, while the administration of elections—in all races on the ballot, from President down to Justice of the Peace—is handled by each county's "clerk."[7] Both tax assessor-collector and clerk are duly elected by the county's voters on a partisan ballot every four years.

13. Chapter 31 of the Election Code allows counties to establish an alternate approach to administer elections by appointing a "county elections administrator," and to transfer to that person all of the voter registration and election administration duties that would otherwise lie with the tax assessor-collector and the clerk.[8]

14. In November 2020, Harris County established the office of the Harris County Elections Administrator. The Harris County Election Commission appointed Ms. Longoria as Harris County Elections Administrator.[9]

---

[7] *See, e.g.*, TEX. ELEC. CODE §§ 12.001, 67.007, 83.002.

[8] *Id.* § 31.031 ("The commissioners court by written order may create the position of county elections administrator for the county"); *id.* § 31.043 ("The county elections administrator shall perform: (1) the duties and functions of the voter registrar; (2) the duties and functions placed on the county clerk by this code; (3) the duties and functions relating to elections that are placed on the county clerk by statutes outside this code, subject to Section 31.044; and (4) the duties and functions placed on the administrator under Sections 31.044 and 31.").

[9] *See* TEX. ELEC. CODE § 31.032.

15. Under Texas law, any voter may request an application to vote by mail and the elections administrator "shall" send such an application form to a voter upon request.[10] If an applicant submits a form and the elections administrator determines that they are eligible to vote by mail, the elections administrator "shall" provide a mail-in ballot to the applicant.[11] A voter in Texas is eligible to vote by mail if they are 65 years or older, sick or disabled, out of the county during the election, or confined in jail.[12] It is thus perfectly lawful for an eligible voter to request an application to vote by mail.

16. Many Texas voters are eligible (and thus entitled) to vote by mail. For example, the census determined that more than three million residents of Texas are 65 or older. All three million of those Texans are eligible to vote by mail. Many voters are also eligible to vote by mail for other reasons, such as a person with a qualifying disability or confined due to childbirth.

17. Nevertheless, on September 7, 2021, Texas enacted SB 1, a new law that, among other things, makes it a crime for a public official or election official to solicit an application to vote by mail, even from voters who are (or are potentially) eligible to vote by mail.

18. Section 7.04 of SB1 adds a new provision to the Texas Election Code, codified at Section 276.016 of the Election Code, entitled "Unlawful solicitation and distribution of application to vote by mail." Subsection (a)(1) of that provision states that a "public official or election official commits an offense if the official, while acting in an official capacity, knowingly

---

[10] *Id.* § 84.012.

[11] *Id.* § 86.001(b).

[12] *See id.* §§ 82.001 to 82.008.

. . . solicits the submission of an application to vote by mail from a person who did not request an application."[13]

19. That offense is a state jail felony that carries a mandatory minimum of six months of imprisonment and a fine of up to $10,000.[14]

20. Section 276.016(e) sets forth two narrow exceptions. The general prohibition on solicitation in Section 276.016(a)(1) does not apply "if the public official or election official . . . provide[s] general information about voting by mail, the vote by mail process, or the timelines associated with voting to a person or the public" or engages in the solicitation "while acting in the official's capacity as a candidate for a public elective office."[15] Otherwise, any form of solicitation by an official of an application to vote by mail is a crime, whether or not the person is eligible to vote by mail.

21. It is not a crime for a public official or election official to discourage an eligible voter from submitting an application to vote by mail, even if that voter qualifies due to age, disability, childbirth, or another reason.

22. Ms. Longoria strongly believes in encouraging and enabling all registered voters in Harris County to exercise their rights to cast a lawful ballot. Accordingly, Ms. Longoria routinely encourages those who are (or may be) eligible to vote by mail to request an application to vote by mail, both through public statements and in interactions with individual voters. Ms. Longoria wishes to continue those efforts to encourage lawful voting by mail.

---

[13] S.B. 1 § 7.04, 2021 87th Leg., 2d Spec. Sess. (Tex. 2021) (codified at TEX. ELEC. CODE § 276.016(a)(1)).

[14] TEX. ELEC. CODE § 276.016(b); TEX. PENAL CODE § 12.35(a)–(b).

[15] TEX. ELEC. CODE § 276.016(e).

23. Indeed, for many voters, including elderly voters, voters with disabilities, and voters confined due to childbirth, voting by mail reduces significant real-world barriers to casting a ballot. As Elections Administrator, Ms. Longoria also implements and carries out the S.A.F.E. Initiatives, introduced in 2020 to ensure voter safety in light of the COVID-19 pandemic, which include a commitment to promote and maximize lawful vote-by-mail options.

24. It is lawful for a voter to request an application to vote by mail[16] and for that person to vote by mail if their application is approved.[17] Ms. Longoria accordingly seeks to exercise her First Amendment right to encourage eligible voters to lawfully request mail-in voting applications so that they can lawfully vote by mail. Ms. Longoria has no interest in encouraging (and does not plan to encourage) voters to request mail-in voting applications unless they are eligible or potentially eligible to vote by mail.

25. The new anti-solicitation provision in Section 276.016(a)(1), however, makes it a crime for Ms. Longoria to engage in such speech. Specifically, the anti-solicitation provision makes it a crime for a "public official or election official" to "knowingly . . . solicit[] the submission of an application to vote by mail from a person who did not request an application."[18] Section 276.016(a)(1) applies to Ms. Longoria because she is an "election official," which is defined in the Election Code to include, among other positions, an elections administrator.[19]

---

[16] TEX. ELEC. CODE § 84.012.

[17] *Id.* § 86.001(b).

[18] *Id.* § 276.016(a)(1).

[19] *Id.* § 1.005(4-a)(C).

26. It is well-settled that speech that encourages or induces another person to do something can qualify as solicitation under Texas law.[20] Thus, Ms. Longoria's efforts to encourage applications to vote by mail—conduct that is purely expressive—may qualify as solicitation for the "submission of an application to vote by mail," which the anti-solicitation provision makes a crime.

27. Such encouragement would also not fit within the statute's two narrow exceptions. Affirmatively encouraging a voter or voters to request an application is not limited to merely providing "general information," and such speech in her capacity as Elections Administrator would not be in any capacity as a candidate for elective office.

28. Section 276.016(a)(1) accordingly subjects Ms. Longoria to criminal penalties for encouraging eligible and potentially eligible voters to submit applications to vote by mail.

29. In addition, Ms. Longoria will be unable to even give mere truthful advice in response to questions from individual voters without risk of criminal prosecution, because such truthful advice could subject her to possible prosecution for encouraging, inducing, counseling, directing, or otherwise soliciting the person to request an application, outside the scope of the narrow "general information" exception.

30. The chilling effect is particularly acute for Ms. Longoria because her public, vocal support for voting by mail makes her a target for retaliatory or discriminatory prosecution. Given the State's history with respect to Harris County's efforts to encourage mail-in voting, and Defendant Paxton's threats and history of prosecution of alleged election-related crimes, Ms. Longoria is especially concerned that she will face criminal prosecution from the Defendant—

---

[20] *See Medrano v. State*, 421 S.W.3d 869, 884 (Tex. App.—Dallas 2014, pet. ref'd); *see also* TEX. PENAL CODE §§ 7.02(a)(2); 15.03(a).

with a six-month mandatory minimum sentence—for encouraging eligible voters to request an application to vote by mail even when they are or may be eligible to do so.

31. Ms. Morgan currently serves as a volunteer deputy registrar (VDR). Chapter 13 of the Texas Elections Code allows county registrars to appoint VDRs to encourage voter registration.[21] VDRs must complete training conducted by the county registrar prior to receiving a voter's registration.[22] Once training is completed, the VDR receives a certificate of appointment.[23] Voter registration is immediately effective when done with a VDR.[24] VDRs must deliver voter registration applications to the county registrar within five days of completion.[25]

32. Ms. Morgan is among the thousands of individuals who volunteer to serve as VDRs each year across Texas. She first volunteered to become a VDR in 2014. Since then, she has served as a VDR in both Williamson and Travis counties. As a VDR, Ms. Morgan has engaged in door-to-door outreach to register voters and, in October 2021, staffed a voter registration booth near the University of Texas at Austin campus. In the course of her work as a VDR, Ms. Morgan has routinely communicated with voters about the option and benefits of voting by mail, and otherwise shares information about voting by mail with eligible voters, including to encourage them to do so if appropriate.

33. When serving in her official capacity as a VDR, Ms. Morgan would continue to share vote-by-mail information, but for her fear of criminal prosecution for encouraging eligible

---

[21] TEX. ELEC. CODE § 13.031.

[22] *Id.*

[23] *Id.* at § 13.033.

[24] *Id.* at § 13.041.

[25] *Id.* at § 13.042.

voters to request an application to vote by mail even when they are or may be eligible to do so. As mentioned, Section 7.04's anti-solicitation provision applies to "public officials" and "election officials." Although VDRs are not included in the Election Code's definition of "election officials," Ms. Morgan fears that she will be prosecuted in her capacity as a "public official." The possibility of criminal prosecution by the Defendant under Section 276.016(a)(1) therefore chills Ms. Morgan from encouraging voters to request mail-in ballot applications.

34. Far from serving any state interest, prohibiting the solicitation of mail-in ballot applications harms Texas voters, depriving them of truthful advice from their election officials and public officials about mail voting options.

## COUNT I

**SB1 violates the First and Fourteenth Amendments to the U.S. Constitution.**

35. Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth here.

36. The anti-solicitation provision in Section 276.016(a)(1) violates the First and Fourteenth Amendments both on its face and as applied to truthful speech encouraging people who are or may be eligible to vote by mail to request applications for such mail ballots.

37. The anti-solicitation provision in Section 276.016(a)(1) is unlawfully viewpoint based in that it specifically criminalizes and punishes the speech of public officials or election officials who support or encourage voters to request an application to vote by mail. Public officials and election officials whose speech opposes or discourages requests for applications to vote by mail are not subject to the anti-solicitation provision's penalties. Punishment thus depends not just on the content of the speech, but also its viewpoint on the question of whether voting by mail should be encouraged or discouraged. Such viewpoint discrimination is a paradigmatic violation of the First Amendment.

38. The anti-solicitation provision is also content-based because it imposes harsh criminal penalties and steep fines on public officials and election officials depending on the topic discussed and the message they express: if their communications convey a message that encourages or induces eligible voters to request mail ballot applications, then they are liable notwithstanding that requesting a mail ballot application is perfectly lawful and it is perfectly lawful for many Texas voters to vote by mail.

39. The anti-solicitation provision in Section 276.016(a)(1) cannot survive First Amendment scrutiny. The ban on soliciting mail-in ballot applications does not promote any legitimate, much less compelling, governmental interest. If anything, public officials and election officials have a compelling interest to *engage* in such speech because voting is itself a fundamental right and voting by mail is a lawful way for millions of Texans to exercise that fundamental right.

40. Nor is the anti-solicitation provision tailored—much less narrowly so—to further any compelling governmental interest by the least restrictive means. Defendant has ample alternative channels to achieve any alleged legitimate interest without the anti-solicitation provision's content- and viewpoint-based restrictions on Plaintiffs' speech. For example, the Election Code independently prohibits public officials and election officials from affirmatively sending an application to vote by mail to a voter who did not request it.[26] Although Plaintiffs do not concede that there is any legitimate state interest in restricting mail voting in this way, that conduct-based prohibition would amply address any concerns the State may have. Censorship of protected speech is thus entirely unjustified.

---

[26] S.B. 1 § 7.04, 2021 87th Leg., 2d Spec. Sess. (Tex. 2021) (codified at TEX. ELEC. CODE § 276.016(a)(2)).

41. Quite simply, Texas cannot make it a crime for a public official or election official to exercise her First Amendment right to encourage voters to lawfully exercise their own constitutionally protected right to vote, particularly when Texas allows public officials and election officials to exercise their First Amendments rights to discourage the very same lawful conduct. Plaintiffs are accordingly entitled under 42 U.S.C. § 1983 to the relief requested below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaratory judgment that Section 276.016(a)(1) of the Texas Election Code violates the First and Fourteenth Amendments;

B. An injunction prohibiting Defendant, his agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing Section 276.016(a)(1) of the Texas Election Code;

C. An order awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 52 U.S.C. § 20510(c), 42 U.S.C. § 1988 and other applicable laws; and

D. Granting any such other and further relief as this Court deems just and proper.

Dated: December 10, 2021                    Respectfully submitted,

*/s/ Christian D. Menefee*                  */s/ Sean Morales-Doyle*
Christian D. Menefee                        Sean Morales-Doyle
Harris County Attorney                      N.Y. Bar No. 5646641;
Texas Bar No. 24088049                      Ill. Bar No. 6293421 (inactive)
Christian.Menefee@cao.hctx.net              Andrew B. Garber*
Jonathan Fombonne                           N.Y. Bar No. 5684147
First Assistant Harris County Attorney      Ethan J. Herenstein*
Texas Bar No. 24102702                      N.Y. Bar No. 5743034

Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham^
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring
Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@cao.hctx.net
Christina Beeler^
Assistant County Attorney
Texas Bar No. 24096124
Christina.Beeler@cao.hctx.net
Susannah Mitcham^
Assistant County Attorney
Texas Bar No. 24107219
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for Plaintiff:* ISABEL LONGORIA


\* Application for *pro hac vice* forthcoming
^ Application for admission pending

BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
andrew.garber@nyu.edu
ethan.herenstein@nyu.edu


*/s/ Elizabeth Y. Ryan*
Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Matthew Berde*
Texas State Bar No. 24094379
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

-and-

Alexander P. Cohen*
Texas State Bar No. 24109739
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs:*
ISABEL LONGORIA
CATHY MORGAN