**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ISABEL LONGORIA and CATHY MORGAN, § § *Plaintiffs*, § § v. § § WARREN K. PAXTON, in his official capacity § as the Attorney General of Texas, *et al.*, § § *Defendants*. § § § | Case No. 5:21-cv-1223-XR |

**ATTORNEY GENERAL PAXTON'S MOTION TO STAY**

Yesterday, Defendant Warren K. Paxton (the "Attorney General") was served with process in this case, including an amended complaint and a preliminary-injunction motion. The Attorney General respectfully requests that the Court stay consideration of Plaintiffs preliminary-injunction motion—and the Attorney General's obligation to respond to that motion—pending a status conference and the Court's ruling on the motion to consolidate this new case with the other challenges to SB1. *See La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844, ECF 165 (W.D. Tex. Jan. 3, 2022).

**BACKGROUND**

This case was originally assigned to Judge Fred Biery, *see* Minute Entry of Dec. 10, 2021, but has since been reassigned to this Court. *See* ECF 8. Here, Plaintiffs Isabel Longoria and Cathy Morgan challenge election reforms recently implemented by the Texas Legislature. *See* An Act Relating to Election Integrity and Security, S.B.1, 87th Leg., 2d C.S. (2021) ("SB1"). Specifically, Plaintiffs challenge a provision of SB1 prohibiting public officials and election officials from soliciting mail-in voting applications from voters who have not requested them. *See* SB1 § 7.04, implementing Texas Election Code § 276.016(a)(1). The *LUPE* case is a consolidated action encompassing all of the challenges to SB1. *See LUPE*, No. 5:21-cv-844, ECF 31 (Sept. 30, 2021) (order of consolidation). At

1

present, it includes five amended complaints and fifty-eight plaintiffs.

The Attorney General has filed a motion to consolidate in *LUPE*, requesting that this case be consolidated with the other SB1 cases under the Fifth Circuit's first-to-file rule and Rule 42(a) of the Federal Rules of Civil Procedure. *See LUPE*, No. 5:21-cv-844, ECF 165 (W.D. Tex. Jan. 3, 2022). In general, that motion explains that this case challenges the same law—indeed, the same provisions—as many of the plaintiffs in *LUPE* and that, as a result, consolidation promotes uniformity and judicial economy. *Compare* ECF 5 ¶¶ 13–36 (challenging SB1 § 7.04 and Texas Election Code § 276.016(a)), *with* Amended Complaint of the League of United Latin American Citizens, Texas, *LUPE*, No. 5:21-cv-844, ECF 136 ¶ 156 (W.D. Tex. Dec. 1, 2021) (same); Amended Complaint of Houston Justice, *id.* ECF 139 ¶¶ 78, 211 (W.D. Tex. Dec. 1, 2021) (same); Amended Complaint of La Unión del Pueblo Entero, *id.* ECF 140 ¶ 31 n.23 (W.D. Tex. Dec. 1, 2021) (same).

In the consolidated case, the Court has entered numerous orders, including a scheduling order. *See LUPE*, No. 5:21-cv-844, ECF 125 (W.D. Tex. Nov. 18, 2021). That scheduling order was premised on the plaintiffs' representation that they would not be seeking preliminary injunctive relief before the March primary election. At a status conference, the Court asked for confirmation that "that the plaintiffs are going to want to have the March primary come and go with no injunctive relief requested from this Court." Ex. A at 32. Defendants confirmed "that that was an assumption upon which [the proposed] schedule" rested and described their discussions with the plaintiffs. *Id.*; *see also id.* at 36–37 (explaining that Defendants were "hopeful" they could "meet [the proposed] schedule" "based on" the plaintiffs' "representation to us" that "[t]here's not a preliminary injunction . . . proceeding"). The plaintiffs then confirmed that they had the same understanding. Speaking "[o]n behalf of the LUPE plaintiffs," including Plaintiff Longoria, Mr. Morales-Doyle represented "that we are not planning to pursue preliminary injunctive relief prior to the March primary." *Id.* at 32–33.

Here, however, Plaintiff Longoria now seeks preliminary injunctive relief prior to the March

primary. *See* ECF 7 at 8. She is still represented by the same attorneys, including Mr. Morales-Doyle.

**ARGUMENT**

The Court should stay consideration of Plaintiffs' preliminary-injunction motion, *see* ECF 7, and the Attorney General's obligation to respond to that motion. District courts have inherent power to stay proceedings to control their dockets efficiently and to otherwise order the litigation as justice requires. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983); *see, e.g.*, *Horizon Livestock, LLC v. 24 Trading Co.*, No. 3:12-cv-335, 2014 WL 12480004, at *2 (W.D. Tex. May 21, 2014); *Casarez v. Texas Roadhouse of El-Paso-West, Ltd.*, No. 3:12-cv-117, 2013 WL 12394405, at *3 (W.D. Tex. Feb. 8, 2013). A district court has "broad" discretion in this regard, and "proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth*, 706 F.2d at 545 (quotation omitted).

As an initial matter, consideration of the preliminary-injunction motion should not proceed until the Court has decided the consolidation issue. Having such closely related cases proceed on separate tracks would waste the Court's and the parties' resources.

In addition, Plaintiffs' motion presents substantial scheduling complications because the parties negotiated the scheduling order in *LUPE*, which includes an accelerated trial, based on the assumption that the plaintiffs would not seek preliminary injunctive relief. Plaintiff Longoria's decision to seek preliminary injunctive relief—despite representing that she would not—is inconsistent with that scheduling order. To resolve that inconsistency, Defendant respectfully requests that the Court hold a status conference on that subject. Staying consideration of Plaintiffs' motion would avoid any further complications and prevent prejudice to the *LUPE* parties that are proceeding under that scheduling order.

**CONCLUSION**

Defendant respectfully requests that the Court stay this case, consideration of the Plaintiffs'

motion for preliminary injunction, and Defendant's obligation to respond to that motion pending the Court's decision on consolidation and a status conference.

| | |
|---|---|
| Date: January 4, 2022 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation |
| BRENT WEBSTER<br>First Assistant Attorney General | patrick.sweeten@oag.texas.gov<br>Tex. State Bar No. 00798537 |
| | WILLIAM T. THOMPSON |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410 | Deputy Chief, Special Litigation Unit<br>will.thompson@oag.texas.gov<br>Tex. State Bar No. 24088531<br><br>**COUNSEL FOR DEFENDANTS** |

### CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiffs concerning this motion on January 4, 2022. They are opposed to the relief sought.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 4, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN