IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISABEL LONGORIA, CATHY MORGAN, § | | |
| *Plaintiffs* § | | SA-21-CV-01223-XR |
| § | | |
| -vs- § | | |
| § | | |
| WARREN K. PAXTON, *et al.*; § | | |
| *Defendants* § | | |

**ORDER**

On this date, the Court considered Defendant Attorney General Paxton's motion to dismiss (ECF No. 24) and Defendant Shawn Dick's motion to dismiss (ECF No. 31). After careful consideration, the Court issues the following order.

This action arises out of an omnibus voting bill, Senate Bill 1 ("S.B. 1"), the State of Texas enacted on August 31, 2021. S.B. 1 adds two new provisions, among others, to the Texas Election Code ("Election Code"): Sections 276.016(a)(1) ("anti-solicitation provision") and 31.129 ("civil enforcement provision"). Section 276.016(a)(1) provides, "A public official or election official commits an offense if the official, while acting in an official capacity, knowingly: (1) solicits the submission of an application to vote by mail from a person who did not request an application[.]" TEX. ELEC. CODE § 276.016(a)(1). Under Section 31.129, an election official may be liable to the State of Texas for a civil penalty if (1) the election official is employed by or is an officer of the state or a political subdivision of the state, and (2) violates a provision of the Election Code. *Id.* § 31.129(b)(1)–(2). Section 31.129 makes clear that "[a] civil penalty . . . may include termination of the person's employment and loss of the person's employment benefits." *Id.* § 31.129(c). Together, the anti-solicitation and civil enforcement provisions impose civil and criminal liability—punishable by a mandatory minimum of six

1

months' imprisonment, fines of up to $10,000, and other civil penalties—on "public officials" and "election officials" who "solicit" a vote-by-mail application from an individual who has not requested one, regardless of the individual's eligibility to vote by mail. *See id.* §§ 2746.016(a)(1), 31.129.

On December 10, 2021, Plaintiffs Isabel Longoria and Cathy Morgan filed suit in this Court, alleging that the anti-solicitation and civil enforcement provisions constitute unlawful viewpoint discrimination in violation of the First and Fourteenth Amendments, both facially and as applied to their speech. ECF No. 1. Longoria claimed that she was subject to the anti-solicitation provision by virtue of her office as the Harris County Elections Administrator. *Id.* at 7. Morgan asserted that she was subject to the anti-solicitation provision as a Volunteer Deputy Registrar ("VDR"). *Id.* at 10. Several weeks later, Plaintiffs filed a motion for a preliminary injunction, seeking to enjoin state and local defendants from enforcing these provisions. ECF No. 7.

The Court, after considering the Parties' briefing and holding an evidentiary hearing, concluded that Plaintiffs were entitled to a preliminary injunction. *Longoria v. Paxton*, No. 21-CV-1223-XR, 2022 WL 447573, at *20 (W.D. Tex. Feb. 11, 2022). In relevant part, the Court concluded that it had subject matter jurisdiction over Longoria's claims against Texas Attorney General Ken Paxton and Morgan's claims against Williamson County District Attorney Shawn Dick. *Id.* at *9, 11–12. Specifically, the Court found that the Attorney General could bring a civil enforcement action against Longoria if she were to violate the anti-solicitation provision, and thus, had a sufficient enforcement connection to the provision such that the *Ex parte Young* exception to sovereign immunity applied. *Id.* at *12–13. Further, the Court concluded that

Morgan had standing because, as a VDR, she qualified as a "public official" under the Election Code and was, therefore, subject to the anti-solicitation provision. *Id.* at *9.

District Attorney Dick and Attorney General Paxton appealed the Court's order enjoining them from enforcing the contested provisions. In weighing the appeal, the Fifth Circuit certified three questions to the Texas Supreme Court: "(1) whether one of the plaintiffs, a volunteer deputy registrar, is a 'public official' to whom the anti-solicitation provision applies; (2) whether certain types of speech constitute 'solicitation' under that provision; and (3) whether the Attorney General can enforce the civil penalties." *Paxton v. Longoria*, No. 22-0224, 2022 WL 2080867, at *1 (Tex. June 10, 2022). Before the Texas Supreme Court issued its opinion, the Parties agreed that the answers to questions one and three were "no." *Id.* Because of the Parties' agreement, the Texas Supreme Court did not substantively address questions one and three. *Id.* at *4, 7.

In light of the Texas Supreme Court's conclusions, the Fifth Circuit has remanded the case back to this Court with instructions to dismiss Morgan's claims against District Attorney Dick and to dismiss Longoria's claim against the Attorney General. *Longoria v. Paxton*, No. 22-50110, 2022 WL 2208519, at *1 (5th Cir. June 21, 2022).

Accordingly, District Attorney Dick's motion to dismiss (ECF No. 31) is **GRANTED**. Plaintiff Cathy Morgan's claims against District Attorney Dick are **DISMISSED WITHOUT PREJUDICE**.

Attorney General Paxton's motion to dismiss (ECF No. 24) is **GRANTED**. Plaintiff Isabel Longoria's claims against Attorney General Paxton are **DISMISSED WITHOUT PREJUDICE**. Should the Attorney General wish to defend the constitutionality of S.B. 1 as indicated in his motion, the Attorney General must file a motion to intervene.

It is further **ORDERED** that Plaintiffs and the remaining Defendants must meet and confer and submit to the Court a proposed scheduling order and Rule 26(f) report on or before **July 28, 2022**.

It is so **ORDERED**.

**SIGNED** this 28th day of June, 2022.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE